UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIVIAN LEIGH HALL,                                          Case No. 23-13076

    Plaintiff,                                              F. Kay Behm
v.                                                          United States District Judge

INTERNAL REVENUE SERVICE, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 6) AND
<u>SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)</u>**

Plaintiff Vivian Leigh Hall, proceeding *pro se*, filed a complaint against the Internal Revenue Service (IRS) on December 5, 2023. (ECF No. 1). Plaintiff's complaint raises "grievances arising from actions taken by the Defendants related to tax assessment, Notice of Federal Tax Lien (NFTL) filing, breaches of privacy rights, and doubts as to liability." *Id.*, PageID.2.

Plaintiff also filed an initial application to proceed *in forma pauperis* on December 5, 2023. (ECF No. 2). On December 6, 2023, the court noted that Plaintiff's application was not signed and ordered her to file a completed application by December 20, 2023. (ECF No. 4). Plaintiff's amended application was received and processed by the court on December 27, 2023. (ECF No. 6). The

1

court now finds the application supports her claims and **GRANTS** Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

I.   STANDARD OF REVIEW

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

II.  ANALYSIS

Plaintiff's complaint asserts a number of grievances against the IRS. To the extent the court can understand Plaintiff's claims, she argues that "Defendants have inaccurately assessed a tax liability against her" which has "caused

unwarranted harm to her and her perception of creditworthiness and has hindered her ability to secure additional credit, thus breaching her rights and protections under state and federal laws." (ECF No. 1, PageID.2-3). Notably, however, Plaintiff's claims do not allege what tax liability was assessed against her, its amount, or why it was invalid. A plaintiff's complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Without any specific allegations about the allegedly improper tax liability, Plaintiff has failed to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

Even if Plaintiff had adequately stated a claim, however, this court would likely lack subject matter jurisdiction to hear this case. "Under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness by a suit for refund in district court." *Martin v. Comm'r*, 753 F.2d 1358, 1360 (6th Cir. 1985) (citing *Flora v. United States*, 357 U.S. 63 (1958)). If a plaintiff fails to file a claim for a refund or pay an alleged tax deficiency, the district court lacks jurisdiction to

entertain a suit for the deficiency.  *Id.*; *see also* 26 U.S.C. § 7422 ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive…until a claim for refund or credit has been duly filed with the Secretary…").  Plaintiff's complaint alleges the IRS "inaccurately assessed a tax liability against her," but fails to allege whether she has filed a claim for refund or credit.[1]  As such, the court cannot determine whether or not it has subject matter jurisdiction to hear Plaintiff's case at this time.

**III.   CONCLUSION**

For the reasons stated above, Plaintiff fails to state a claim upon which relief may be granted.  Therefore, while Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

---

[1] Plaintiff claims she has exhausted her remedies, as she "issued forth notice of billing error and challenge to the perceived records." (ECF No. 1, PageID.4).  As evidence, Plaintiff points to the Exhibit attached to her complaint.  *Id.*  However, the relevant exhibit is titled "Formal Request for Collection Due Process and Challenge under the Privacy Act (Appeal and notice of Suit to the USDC), and it does not suggest that it was intended as a formal claim for refund or credit, consistent with the statutory procedure.  *See* 26 U.S.C. § 7422.

**SO ORDERED**.

Date: February 8, 2024                                      s/ F. Kay Behm
                                                            F. Kay Behm
                                                            United States District Judge